JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MICHAEL ZIDOR

**DEFENDANTS**
C.Os Nunez, Qwadara Thomas, Blanche Carney, Louis Giorla, Michael McGinnis, James McGowan, Kathy

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Oxman Goodstadt Kuritz PC, 1518 Walnut Street, Suite 1010, Phila, PA. 19102; 215-665-9999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application / ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
14th Amendment Section 1983

Brief description of cause:
14th Amendment Section 1983 of the Civil Rights Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

**DATE** Jun 13, 2025

**SIGNATURE OF ATTORNEY OF RECORD** *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

10/2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: **Philadelphia Industrial Correction Center**

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ is not related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☒ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

*B.  Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ does not have implications beyond the parties before the court and ☐ does / ☒ does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

OXMAN, GOODSTADT, & KURITZ
BY: **JOSEPH S. OXMAN, ESQUIRE**
IDENTIFICATION NO: 207956
1518 Walnut Street
Suite 1010
Philadelphia, PA 19102
(215) 665-9999
Attorney for Plaintiff

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL ZIDOR**<br>    Plaintiff<br><br>vs.<br><br>**CORRECTIONAL OFFICERS NUNEZ, QWADARA THOMAS, COMMISSIONER BLANCHE CARNEY, DEPUTY COMMISSIONER LOUIS GIORLA, DEPUTY COMMISSIONER MICHAEL McGINNIS, CHIEF OF OPERATIONS JAMES McGOWAN, CHIEF OF STAFF KATHY McGOWAN and THE PHILADELPHIA DEPARTMENT OF PRISONS**<br>    Defendants | **CIVIL ACTION NO**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Michael Zidor, by way Complaint against defendants says:

### **PARTIES**

1. Plaintiff, Michael Zidor, is a citizen of the United States and is currently residing in Philadelphia, Pennsylvania.

2. Defendant Correctional Officer Nunez is an individual who is a resident of Pennsylvania, and always relevant to this action, was a corrections officer for the Philadelphia

Department of Prisons, 7901 State Road, Philadelphia, PA 19136.

3. Defendant Corrections Officer Qwadara Thomas is an individual who is a resident of Pennsylvania, and always relevant to this action, was a corrections officer for the Philadelphia Department of Prisons, 7901 State Road, Philadelphia, PA 19136.

4. Defendant Commissioner Blanche Carney is an individual who is a resident of Pennsylvania, and always relevant to this action, was the warden for the Philadelphia Department of Prisons, 7901 State Road, Philadelphia, PA 19136.

5. Defendant Deputy Commissioner Louis Giorla is an individual who is a resident of Pennsylvania, and always relevant to this action, was a command supervisor for the Philadelphia Department of Prisons, 7901 State Road, Philadelphia, PA 19136.

6. Defendant Chief of Operations Michael McGinnis is an individual who is a resident of Pennsylvania, and always relevant to this action, was a command supervisor for the Philadelphia Department of Prisons, 7901 State Road, Philadelphia, PA 19136.

7. Defendant Chief of Staff Kathy McGowan is an individual who is a resident of Pennsylvania, and always relevant to this action, was a command supervisor for the Philadelphia Department of Prisons, 7901 State Road, Philadelphia, PA 19136.

8. Defendant Director of Operations James McGowan is an individual who is a resident of Pennsylvania, and always relevant to this action, was a command supervisor for the Philadelphia Department of Prisons, 7901 State Road, Philadelphia, PA 19136.

9. Defendant, Philadelphia Department of Prisons, was and still is a Philadelphia County domestic entity duly organized and existing under and by virtue of the laws of the State of Pennsylvania with a principal business address of 7901 State Road, Philadelphia, PA 19136.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over the lawsuit because the action is brought pursuant to the Eighth and Fourteenth Amendments to the United States Constitution.

11. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over plaintiff's claims arising under State law, including but not limited to violations of his State Constitutional rights against defendants for intentional infliction of emotional distress because this claim is so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the claims at issue arose in this judicial district.

## COMPLAINT
## GENERAL ALLEGATIONS

12. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

13. On or about June 22, 2023, at 10am, the plaintiff was inside his jail cell at the Philadelphia Industrial Correctional Center with his cellmate Mark Johnson.

14. Both plaintiff and Mark Johnson were secured and locked in their cell.

15. While the plaintiff was asleep, his cell door was opened, and seven other inmates entered his cell and stabbed the plaintiff in his back which caused his lung to collapse.

16. The cell door was buzzed open by an inmate who illegally and without authorization got into the prison control room which was completely unoccupied by the above-mentioned correctional guards.

17. The plaintiff laying bleeding in his cell after the above-mentioned attack for over twenty minutes before and correctional officers came to give the plaintiff aid.

18. The plaintiff was immediately taken to Thomas Jefferson University Hospital.

19. The plaintiff was admitted to the hospital for over five weeks.

**COUNT I**
**PLAINTIFF MICHAEL ZIDOR vs. DEFENDANTS CORRECTIONAL OFFICERS NUNEZ, QWADARA THOMAS, COMMISSIONER BLANCHE CARNEY, COMMISSIONER LOUIS GIORLA, COMMISSIONER MICHAEL McGINNIS, CHIEF OF STAFF KATHY McGOWAN and DIRECTOR OF OPERATIONS JAMES McGOWAN**
**DELIBERATE INDIFFERENCE TO SAFETY/FAILURE TO PROTECT**

20. The foregoing paragraphs are incorporated by reference.

21. Defendants, identified above, knew of and deliberately disregarded the excessive risk of harm to the Plaintiff's health and safety posed by the inmate assault specifically when on June 22, 2023, Plaintiff was violently attacked after inmates were able to illegally and without authorization got into the prison control room which was completely unoccupied by the above-mentioned correctional guards and open the plaintiff's cell door in which defendants deliberately permitted the plaintiff to be beaten and disfigured.

22. Defendants Carney, Giorla, McGinnis, Kathy McGowan and James McGowan deliberately and recklessly failed to properly classify and segregate the assailant inmates, through their classification policies and procedures, who defendants knew posed an imminent danger to the plaintiff.

23. The defendants Nunez, Thomas and Williams deliberately and or recklessly failed to protect the plaintiff by failing to maintain security in the control room which allowed the plaintiff to be attacked by inmates.

24. As a result of the Defendants' deliberate indifference, through failing to protect him physically and their failure to properly classify the plaintiff, Michael Zidor sustained severe and significant physical injuries including being repeatedly punched, kicked and

stabbed by the seven inmate assailants causing a punctured lung, cracked left back scapula, multiple permanent scars, a permanent hole in his left lung and respiratory dysfunction.

25. As a result of the inmate assault, Plaintiff is entitled to relief under 42 U.S.C. § 1983.

## COUNT II
## PLAINTIFF MICHAEL ZIDOR vs. DEFENDANTS CORRECTIONAL OFFICERS NUNEZ, QWADARA THOMAS, COMMISSIONER BLANCHE CARNEY, COMMISSIONER LOUIS GIORLA, COMMISSIONER MICHAEL McGINNIS, CHIEF OF STAFF KATHY McGOWAN and DIRECTOR OF OPERATIONS JAMES McGOWAN
## FAILURE TO INTERVENE

26. The foregoing paragraphs are incorporated by reference.

27. Defendants, identified above, had an affirmative duty to intervene on behalf of the Plaintiff, Michael Zidor, whose constitutional rights were being violated in their presence while Plaintiff was being assaulted by other inmates.

28. Defendants Nunez and Qwadara Thomas failed to intervene to prevent the unlawful assault of Plaintiff by the inmate assailants and did nothing to prevent, protect or intervene in the attack and assault of the Plaintiff.

29. The plaintiff was repeatedly kicked in his head and stabbed by the inmate assailants causing a punctured lung, cracked left back scapula, multiple permanent scars, a permanent hole in his left lung and respiratory dysfunction which defendants Nunez and Qwadara Thomas failed to stop.

30. Defendants Carney, Giorla, McGinnis, Kathy McGowan and James McGowan deliberately and or recklessly failed to properly have procedures to classify and segregate the assailant inmates who the defendants knew posed an imminent danger to the Plaintiff and ultimately caused plaintiff to have a punctured lung, cracked left back scapula,

multiple permanent scars, a permanent hole in his left lung and respiratory dysfunction because of his assault.

31. Defendants Nunez and Qwadara Thomas deliberately and or recklessly failed to protect the Plaintiff when they knew that leaving the control room of the cell block unattended would cause the plaintiff to be viciously assaulted.

32. As a result of the Defendants' deliberate indifference, the plaintiff was put in fear of his safety and subjected to unjustified physical abuse and sustained severe and significant physical injuries.

33. As a result of the Defendants' deliberate indifference, the plaintiff sustained severe and significant physical injuries because of the inmate assault and entitles Plaintiff to relief under 42 U.S.C. § 1983.

## COUNT III
## PLAINTIFF MICHAEL ZIDOR vs. DEFENDANTS COMMISSIONER BLANCHE CARNEY, COMMISSIONER LOUIS GIORLA, COMMISSIONER MICHAEL McGINNIS, CHIEF OF STAFF KATHY McGOWAN, DIRECTOR OF OPERATIONS JAMES McGOWAN and THE PHILADELPHIA DEPARTMENT OF PRISONS FAILURE TO TRAIN AND SUPERVISE UNDER MONELL

34. The foregoing paragraphs are incorporated by reference.

35. Defendants Carney, Giorla, McGinnis, Kathy McGowan and James McGowan as a matter of policy and practice failed to discipline, train or otherwise sanction correctional officers who violate the rights of prisoners by failing to intervene and protect inmates, including the Plaintiff's, thus encouraging Defendants Nunez and Thomas, in this case to engage in the unlawful and actionable conduct described above.

36. Defendants Carney, Giorla, McGinnis, Kathy McGowan and James McGowan, as a further matter of policy and practice failed to train properly its correctional officers in the

classification of inmates and the intervention to protect inmates from assaults, including defendants Nunez and Thomas, in this case, with respect to the constitutional, statutory and departmental expectations of their authority including intervening when inmates are assaulted by other inmates.

37. At all times herein mentioned, the defendants Nunez and Thomas were acting as the agents, servants and/or employees of the defendant Philadelphia Department of Prisons and therefore, their acts are attributable to defendants of the Philadelphia Department of Prisons.

38. Defendant Philadelphia Department of Prisons was on actual notice of a need to train, supervise, discipline or terminate its defendants Nunez, Thomas, Carney, Giorla, McGinnis, Kathy McGowan and James McGowan as prior to the incident in question as other similar incidents of being deliberately indifferent to prison staff leaving control room operations completely unstaffed and inmate on inmate assaults have occurred in the past involving defendants in their failing to properly classify inmates and protect them from inmate assaults.

39. Factually, it is widely known that inmate assaults are rampant at the Philadelphia Department of Corrections prisons as the Philadelphia Media has reported numerous stories of Philadelphia Correctional Officers deliberately failing to intervene and protect inmates from inmate assaults in this case and at other times with other inmates.
https://whyy.org/articles/philadelphia-prison-chief-resigns-blanche-carney/
https://www.inquirer.com/crime/philadelphia-prisons-blanche-carnet-retires-20240325.html

40. It is believed that defendants Carney, Giorla, McGinnis, Kathy McGowan and James

McGowan were on actual notice of the above-mentioned incidents of inmate assaults and deliberately or indifferently did nothing to stop, intervene or change their inmate classification or protection policies to prevent further assaults.

**COUNT IV**
**PLAINTIFF MICHAEL ZIDOR vs. DEFENDANTS CORRECTIONAL OFFICERS NUNEZ, QWADARA THOMAS, COMMISSIONER BLANCHE CARNEY, COMMISSIONER LOUIS GIORLA, COMMISSIONER MICHAEL McGINNIS, CHIEF OF STAFF KATHY McGOWAN and DIRECTOR OF OPERATIONS JAMES McGOWAN**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

41. The foregoing paragraphs are incorporated by reference.

42. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff, by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or by conspiring against him, or by interfering with Plaintiff's state civil rights by being deliberately indifferent with reckless disregard for Plaintiff's safety through policy and actions, or knew or should have known that emotional distress was the likely result of their conduct.

43. Defendants Nunez and Thomas' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community as defendants Nunez and Thomas deliberately and recklessly allowed the plaintiff to be brutally assaulted by another inmate without intervening to stop the assault.

44. Defendants Carney, Giorla, McGinnis, Kathy McGowan and James McGowan's conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community as defendants Carney, Giorla, McGinnis, Kathy McGowan and James McGowan deliberately and recklessly allowed the plaintiff to be brutally assaulted by another inmate because their deliberate and reckless classification

system repeatedly encouraged inmate on inmate assaults by putting violent inmates in the same cells and showers with non-violent inmates and encouraging correctional officers to ignore those assaults.

45. The actions of all the defendants were the cause of plaintiff's distress.

46. The emotional distress sustained by the plaintiff was severe and of a nature that no reasonable person could be expected to endure.

47. As a result of the Defendants' extreme and outrageous conduct described above, the plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, loss of sleep, loss of appetite, and humiliation.

### COUNT V
### PLAINTIFF MICHAEL ZIDOR vs. DEFENDANTS COMMISSIONER BLANCHE CARNEY, COMMISSIONER LOUIS GIORLA, COMMISSIONER MICHAEL McGINNIS, CHIEF OF STAFF KATHY McGOWAN and DIRECTOR OF OPERATIONS JAMES McGOWAN
### CONSPIRACY TO VIOLATE THE FEDERAL AND STATE CIVIL RIGHTS OF THE PLAINTIFF

48. The allegations contained above are incorporated by reference.

49. The above-described actions constitute violations by the above-named Defendants, who conspired among themselves to deprive the Plaintiff of his state and constitutional rights.

50. All the above-named plaintiffs knew that numerous inmate assaults were occurring in the prison and had all seen numerous videos of inmate assaults together in conferences, staff meetings and conversations but chose to deliberately and recklessly ignore the inmate violence which occurred on a daily basis. Defendants Carney, Giorla, McGinnis, Kathy McGowan and James McGowan chose to deliberately ignore the ongoing and daily inmate on inmate violence in the prison that they supervised and together crafted a policy that made reckless indifference to inmate assaults ubiquitous.

51. During Plaintiff's assault and physical attack, Defendants Nunez and Thomas were physically present and verbally conspired to watch the assault of Plaintiff by the inmate assailants and verbally conspired to encourage the beating of Plaintiff, and/or did absolutely nothing to prevent, protect or intervene in the attack and assault of the Plaintiff.

## DAMAGES

52. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

53. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered severe physical injuries and mental anguish in the past and future and was deprived of his State and Federal Constitutional Rights as aforementioned and will suffer economic damages and was otherwise damaged.

54. The incident has also resulted in injuries requiring psychological attention and Plaintiff has suffered and will suffer in the future from permanent residuals.

## ATTORNEY FEES

55. It was necessary for the Plaintiff to hire an undersigned attorney to file this lawsuit. Upon judgment Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

## PRAYER

56. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

57. Wherefore, Plaintiff demands judgment against Defendants Nunez, Thomas, Carney, Giorla, McGinnis, Kathy McGowan and James McGowan individually, jointly and/or in

the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

58. Wherefore, the Plaintiff demands judgment against The Philadelphia Department of Prisons, individually, jointly and/or in the alternative for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

59. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

_____
Joseph Oxman, Esquire
Attorney for Plaintiff

## **V E R I F I C A T I O N**

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

_____
PLAINTIFF